UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Terrance Carvell Guinn, )<br>)<br>    Petitioner, )<br>)<br>    v. )<br>)<br>DAVID L. WINN, )<br>)<br>    Respondent. )<br>) | Civil Action No. 04-40096-FDS |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The petitioner Terrance Carvell Guinn, formerly an inmate at Federal Medical Center, Devens, seeks habeas relief under 28 U.S.C. § 2241, alleging "illegal detainment." For the reasons stated below, the petition fails to state a claim upon which relief can be granted as the issue is moot and this Court lacks subject matter jurisdiction to hear this claim. Accordingly, the petition must be dismissed.

**STATEMENT OF FACTS**

On May 28, 2004, the petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging "illegal detainment." According to the records of the Federal Bureau of Prisons ("BOP"), the petitioner was released from the Federal Medical Center in Devens, Massachusetts ("FMC Devens") on June 4, 2004, and was released from the custody of the BOP on June 7, 2004.[1] According to the United States Marshals Service Tracking

---

[1] See Declaration of Ann H. Zgrodnik ("Zgrodnik Decl."), attached as Exhibit 1, Document B, Public Information Inmate Data

Sheet for the petitioner, on June 7, 2004 the petitioner was released from the custody of the BOP to the United States Marshals Service, Southern District of Mississippi.[2]

A review of the SENTRY database indicates that the petitioner has not utilized the Administrative Remedy Process to file a single remedy submission on the issue of him being illegally detained.[3]  As such, the petitioner has not exhausted his administrative remedies.

**ARGUMENT**

**I.    THE PETITION IS MOOT AS THE PETITIONER IS NO LONGER IN THE CUSTODY OF THE BOP.**

On May 28, 2004, the petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging "illegal detainment."  According to the records of the Federal Bureau of Prisons ("BOP"), the petitioner was released from the Federal Medical Center in Devens, Massachusetts ("FMC Devens") on June 4, 2004, and was released from the custody of the BOP on June 7, 2004.[4]  According to the United States Marshals Service Tracking Sheet for the petitioner, on June 7, 2004 the petitioner was

---

Sheet.

[2]  See Zgrodnik Decl., Document C, United States Marshals Service Tracking Sheet.

[3]  See Zgrodnik Decl., Document A, Administerative Remedy Generalized Retrieval.

[4]  See Zgrodnik Decl., Document B, Public Information Inmate Data Sheet.

released from the custody of the BOP to the United States Marshals Service, Southern District of Mississippi.[5]

Because the petitioner claims "illegal detainment" by the BOP and he is no longer being detained by the BOP, the petition is moot. See St. Pierre v. United States, 319 U.S. 41, 63 (1943)(the expiration of a criminal sentence moots questions raised during the antecedent proceedings); Marchand v. Director, U.S. Probation Office, 421 F.2d 331, 332 (1970)(when the circumstances out of which a controversy change so as to raise doubt concerning the adversity of the parties' interests, courts ordinarily dismiss cases as moot).

Accordingly, the petition should be dismissed as the petitioner fails to state a claim upon which relief can be granted.

**II.   THE PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS REQUIRED UNDER THE PRISON LITIGATION REFORM ACT.**

The Prison Litigation Reform Act of 1995, as amended 42 U.S.C. 1997e (a) ("PLRA"), requires a prisoner to exhaust his administrative remedies before suing over prison conditions. Porter v. Nussle, 534 U.S. 516, 520 (2002); Booth v. Churner, 532 U.S. 731, 734 (2001). In Booth v. Churner, the United States Supreme Court held that under the PLRA, an inmate seeking only money damages must complete any prison administrative remedy

---

[5] See Zgrodnik Decl., Document C, United States Marshals Service Tracking Sheet.

process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief.  Id. at 1824.  See also Rogers v. United States, 180 F.3d 349, 357 (1st Cir. 1999), cert. denied, 528 U.S. 1126(2000)(once administrative remedies are exhausted, prisoners may then seek review by filing a habeas petition under 28 U.S.C. § 2241); Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000)(PLRA makes exhaustion mandatory in all cases); Alexander v. Hawk, 159 F.3d 1321, 1328 (11th Cir. 1998)(futile and inadequate nature of administrative remedy did not preclude mandatory exhaustion requirement of the PLRA).

In the ordinary course of business, computerized indexes of all administrative requests and appeals filed by inmates are maintained in the BOP's computerized data base so rapid verification may be made as to whether an inmate has exhausted the administrative remedy process on a particular issue.[6]

A review of the SENTRY database indicates that the petitioner has not utilized the Administrative Remedy Process to file a single remedy submission on the issue of him being illegally detained.[7]  As such, the petitioner has not exhausted his administrative remedies.

---

[6] See Zgrodnik Decl. attached as Exhibit 1.

[7] See Zgrodnik Decl., Document A, Administerative Remedy Generalized Retrieval.

Because the plaintiff failed to exhaust his available administrative remedies, the petition must be dismissed as it fails to meet the requirements of the PLRA.

## CONCLUSION

For the above reasons, the petition for habeas corpus should be dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: July 22, 2004    By:   /s/ Christopher R. Donato
                              CHRISTOPHER R. DONATO
                              Assistant U.S. Attorney
                              John Joseph Moakley Courthouse
                              One Courthouse Way, Suite 9200
                              Boston, Massachusetts 02210
                              (617) 748-3303

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Dismiss was served upon Petitioner Terrance Carvell Guinn, Reg. No. 10217-035, FMC Devens Camp, P.O. Box 879, Ayer, MA 01432 by first class, postage prepaid mail on this date.

July 22, 2004                 /s/ Christopher R. Donato
                              Christopher R. Donato
                              Assistant U.S. Attorney