UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TERRANCE CARVELL GUINN,<br>      Petitioner,<br><br>      v.<br><br>DAVID L. WINN,<br>      Respondent. | )<br>)<br>)<br>)<br>)   Civil Action No.<br>)   04-40096-FDS<br>)<br>)<br>) |

**ORDER**

**SAYLOR, J.**

On May 28, 2004, Terrance Carvell Guinn filed a *pro se* petition under 28 U.S.C. § 2241 for a writ of habeas corpus on the grounds that he has been detained illegally since February 10, 2004. Specifically, Guinn claims his "illegal detainment" results from an "unlawful seizure of person." The record in this matter is very sparse, but it appears that Guinn was convicted in the United States District Court for the Southern District of Mississippi in 1999 and was sentenced to prison with a subsequent term of supervised release. He apparently was arrested in December 2003 for an alleged violation of the terms of his release and has been detained pending resolution of that charge. On March 16, 2004, the District Court in Mississippi ordered that Guinn undergo a mental-health examination to determine his competency. He arrived at the Federal Medical Center in Devens on April 7, 2004; was evaluated by the medical staff; and left Devens to return to Mississippi on June 7, 2004.

While at Devens, on May 28, 2004, Guinn filed his petition. On July 8, 2004, respondent Winn filed a motion to dismiss the petition, arguing that Guinn failed first to exhaust his administrative remedies and, moreover, that the petition is moot because Guinn has been released

from the Federal Medical Center in Devens and from the custody of the Bureau of Prisons to the United States Marshals Service, Southern District of Mississippi.

Nothing in Guinn's petition indicates that he seeks to challenge the conditions of his confinement at Devens or elsewhere. Rather, he apparently seeks to challenge the lawfulness of the detention that resulted from an alleged violation of supervised release. The proper way to challenge that decision is either directly (through litigation of the alleged violation, which has not yet been resolved), or collaterally (through a motion under 28 U.S.C. § 2255, which must be brought in the sentencing court). *See Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991). Either way, Guinn must seek his remedy in the Southern District of Mississippi, not in this district.

The petition for writ of habeas corpus under 28 U.S.C. § 2241 is therefore DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor
United States District Judge

Dated: September 2, 2004